UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC HERMANN<br><br>                     Plaintiff,<br><br>- against –<br><br><br>BDG MEDIA, INC.<br>                     Defendant. | Docket No.  18-cv-4356<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Marc Hermann ("Hermann" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant BDG Media, Inc. ("BDG" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act.  This action arises out of Defendant's unauthorized reproduction and publishing of a copyrighted viral photograph of NYC Mayor Bill DeBlasio dropping a groundhog, owned and registered by Hermann (the "Photograph"). Accordingly, Hermann seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq. *eq*.

### JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Hermann is a professional Brooklyn-based photographer having a usual place of business at 9281 Shore Road #308, Brooklyn, NY 11209.

6. Upon information and belief, BDG is a foreign corporation duly organized and existing under the laws of Delaware with headquarters at 15 Park Avenue South, Floor 10th Floor, New York, New York 10001.

7. Upon information and belief, at all times material hereto, Defendant has owned, controlled and operated the website at the URL: http://www.bustle.com (the "Website).

8. BDG is a for-profit business.

9. The Website publishes entertainment and news articles and photographs.

10. The Website contains substantial advertising, including adjacent to the Defendant's unauthorized use of the Photograph.

11. Defendant derives substantial revenue from the advertising on the Website.

**STATEMENT OF FACTS**

**A.    Background and Plaintiff's Ownership of the Photograph**

12. Hermann is the author, copyright claimant, and owner of all rights in the Photograph. A true and correct copy of the Photograph is attached hereto as Exhibit A.

13. Hermann is the owner of all right, title and interest in and to the Photograph, including the copyright thereto, which was licensed for publication by the NY Daily News.

14. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-093-874, effective as of March 14, 2018. A true and

correct copy of the registration certificate for Copyright Registration Number VA 2-093-874 is attached hereto as Exhibit B.

### B.  Defendant's Infringing Activities

15.  BDG, on the Website, published an article featuring the Photograph entitled *Groundhog-Dropping Bill de Blasio's Legacy Will Now Be... Gopher Day*.  See https://www.bustle.com/articles/41561-groundhog-dropping-bill-de-blasios-legacy-will-now-be-gopher-day (the "Article").   A true and correct copy of a screenshot of the Article showing Defendant's unauthorized use of the Photograph are attached hereto as Exhibit C.

16.  Defendant did not license the Photograph from Plaintiff for its Website or any other use.

17.   Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST BDG)
(17 U.S.C. §§ 106, 501)

18.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19.  Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.  Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

20.  The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

21.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

22.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

23.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BDG)
## (17 U.S.C. § 1202)

24.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25.     When the Photograph was published by The NY Daily News, the Photograph contained copyright management information under 17 U.S.C. § 1202(b).

26.     Upon information and belief, Defendant copied the Photograph from The NY Daily News, which contained copyright management information, and pasted it its Pinterest page.

27.     Upon information and belief, Defendant intentionally and knowingly removed copyright management information identifying Hermann as the author and copyright owner of the Photograph.

28.     The conduct of Defendant violates 17 U.S.C. § 1202(b).

29. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

30. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.  Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

31. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

32. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant BDG be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant BDG be ordered to remove the Photograph from its Website;

3. That, with regard to the First Claim for Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or (b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
      May 16, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Joseph A. Dunne
    Joseph A. Dunne (JD0674)
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
JD@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Marc Hermann*